IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-129

| | |
|---|---|
| GERIE HEARD, | |
| Plaintiff, | |
| vs. | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| UNITED STATES OF AMERICA, | Breast Cancer |
| Defendant. | |

## INTRODUCTION

Plaintiff, GERIE HEARD, files this Complaint against Defendant UNITED STATES OF AMERICA ("Defendant"). This Complaint alleges a federal cause of action and is brought solely pursuant to Section 804(b) of the Camp Lejeune Justice Act, Pub. L. No. 117-168, Tit. VIII, § 804, 136 Stat. 1802 (hereinafter "the Act"). Plaintiff alleges the following:

1. For decades the water at Marine Corps Base Camp Lejeune ("Camp Lejeune") was contaminated with toxic chemicals known to cause cancer and a host of other chronic—often deadly—diseases and conditions. Hundreds of thousands of servicemembers and civilians drank, bathed in, cooked with, and swam in that water.

2. Nevertheless, in violation of governing orders and despite studies, surveys, and other inquiries regarding the water at Camp Lejeune undertaken by or on behalf of the federal government, its various agencies and departments and/or third-parties (including, but not limited to, reports by the United States Agency for Toxic Substances and Disease Registry

("ATSDR")) and relevant state government officials, federal government officials failed to ensure that the men and women who were willing to lay their lives on the line for our nation, civilians, and their families were not exposed to toxic chemicals in the water.

3. Thousands of servicemembers and civilians who were at Camp Lejeune between the 1950s and the 1980s have contracted serious diseases and chronic conditions as a result of their exposure to the contaminated water.

4. At all times relevant, Plaintiff was unable to mitigate Plaintiff's individual damages as the result of the Defendant's failure and refusal to provide its knowledge and information as it concerns the health consequences of exposure to the contaminants to which Plaintiff was exposed.

5. The United States has finally decided to fulfill its obligation to servicemembers, their families, and civilians who resided at the base during the period in which the water was contaminated. Section 804(b) of the Act establishes a simple cause of action permitting individuals who were harmed by the contaminated water at Camp Lejeune over the relevant period of time to obtain relief in this Court. Specifically, "[a]n individual . . . who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States may bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune." *Id.* To meet the burden of proof, a plaintiff need only "produce evidence showing that the relationship between exposure to the water at Camp Lejeune and the harm is - sufficient to conclude that a causal relationship exists; or sufficient to conclude that a causal relationship is at least as likely as not." Section 804(c)(2) of the Act.

## THE PARTIES, JURISDICTION, AND VENUE

6. Plaintiff is currently a resident of Snohomish County, Washington. Between August 1, 1953 and December 31, 1987, Plaintiff resided, worked or was otherwise exposed for not less than thirty (30) days to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States.

7. Defendant United States of America is the party responsible for damages caused by its military service components, including responsibility for the United States Navy and United States Marine Corps and related facilities. Defendant has waived its sovereign immunity from suit under Section 804(f) of the Act.

8. The United States District Court for the Eastern District of North Carolina has exclusive jurisdiction over any action filed under Section 804(b) of the Act and is the exclusive venue for this action. Section 804(d) of the Act. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331. Moreover, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## CONDITIONS PRECEDENT

9. All conditions precedent to the filing of this action and to the Plaintiff's right(s) to the relief sought have occurred, have been performed, or have been excused.

## FACTUAL ALLEGATIONS

10. Established in 1941, Camp Lejeune has long served as a major training facility for the Marine Corps. At all times relevant, Defendant owned, controlled and/or operated the military base, to include its water supply and distribution system, located at and known as Camp Lejeune, North Carolina.

11. Beginning in the mid-1950s, toxic chemicals from various sources, including unlined landfills, chemical dumps, and leaking storage tanks, seeped into the soil and groundwater of Camp Lejeune and ultimately contaminated Camp Lejeune's water sources which were utilized all over Camp Lejeune in various locations and ways.

12. So widespread was the base-wide contamination of the water that on November 4, 1989, Camp Lejeune was placed on the EPA's National Priorities List ("NPL") and declared to be a federal Superfund site because of the hazardous, high-level of contamination at the base.

13. In 2017, ATSDR published its "Assessment of the Evidence for the Drinking Water Contaminants at Camp Lejeune and Specific Cancers and Other Diseases." As part of its mandate, ATSDR completed several epidemiological studies to determine if Marines, Navy personnel and civilians residing and working on U.S. Marine Corps Base Camp Lejeune were at increased risk for certain health effects as a result of exposure to water contaminated with volatile organic compounds.

14. The ATSDR has published several reports and there have been various studies, both published and unpublished, which indicated the base-wide contamination of soil and water, including vapor, at Camp Lejeune concluding that a causal relationship exists between certain diseases and the contaminants in the Camp Lejeune water supply or a causal relationship is at least as likely as not for numerous diseases.

15. The Defendant maintained, maintains or has access to, both directly and indirectly, records, evidence and documents regarding the study, testing and/or analysis performed by the Defendant and/or other regarding contamination of water at Camp Lejeune, including, but not limited, to the sources of contamination.

16. Through statutory enactments and regulatory actions, Congress and the Executive Branch have both recognized the link between exposure to Camp Lejeune's contaminated water and a number of serious diseases and conditions.

17. On August 10, 2022, a bipartisan coalition across the legislative and executive branches of the federal government relied upon extensive studies, including base-wide studies and assessments as noted above, to pass and enact the Act to finally allow those impacted by the contaminated water to seek redress.

18. Section 804(b) of the Act establishes a new federal cause of action specifically for those affected by the extensive contamination at Camp Lejeune. It provides that:

> an individual, including a veteran (as defined in section 101 of title 38, United States Code), or the legal representative of such an individual, who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States may bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune.

19. The Act "appl[ies] only to a claim accruing before the date of enactment of this Act." The statute expressly incorporates the FTCA's requirement that a claim must be presented to the relevant federal agency before the judicial action may proceed. Section 804(h) of the Act (cross-referencing 28 U.S.C. § 2675). Under that provision, if the federal agency fails to make a final disposition of a claim within six months of its filing, the claim is "deemed" denied, allowing the claimant to file an action in court. 28 U.S.C. § 2675(a).

20. The Act makes clear that a plaintiff may obtain a recovery for a "latent disease." Section 804(e)(1).

21. To meet the burden of proof under the Act, a plaintiff must only "produce

evidence showing that the relationship between exposure to the water at Camp Lejeune and the harm is—(A) sufficient to conclude that a causal relationship exists; or (B) sufficient to conclude that a causal relationship is at least as likely as not." Section 804(c)(2).

## COUNT ONE: CAMP LEJEUNE JUSTICE ACT

22. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

23. Plaintiff resided, worked or was otherwise exposed for not less than thirty (30) days between August 1, 1953 and December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States.

24. During this time, Plaintiff was exposed to amounts of water supplied by Defendant or its agents at Camp Lejeune. The water supplied to Plaintiff by or on behalf of Defendant was polluted and contaminated as described herein with chemicals including but not limited to TCE, PCE, vinyl chloride and benzene.

25. Subsequently, Plaintiff accrued multiple serious life-threatening illnesses, including Breast Cancer, on a date before the enactment of the Act.

26. A causal relationship exists between each Plaintiff's illnesses, including Plaintiff's Breast Cancer and the contaminants Plaintiff was exposed to in the Camp Lejeune water supply. The causal relationship satisfies the requirements of section 804(c)(2) of the Act.

27. On August 10, 2022, Plaintiff filed an administrative claim for compensation with the United States Navy pursuant to 28 U.S.C. § 2675. Subsequently, the Navy denied the claim or the claim was constructively denied pursuant to 28 U.S.C. § 2675(a) because the Navy failed to dispose of the claim within six months of the date of filing, thereby satisfying the requirements of the statute.

## CLAIM FOR RELIEF

Plaintiff respectfully requests that, pursuant to Section 804 of the Act, the Court enter judgment against the United States and award damages and all other appropriate relief for the harm to Plaintiff that was caused by exposure to the water at Camp Lejeune.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 804 of the Act.

Respectfully submitted,

This 1 5 th day of February, 2023

s/ Eric W. Flynn
Eric W. Flynn (N.C. Bar No.: 57615)
Randolph L. Lee (N.C. Bar No.: 26469) Bell Legal Group, PLLC
751 Corporate Center Drive
Suite 310
Raleigh, NC 27607
eflynn@belllegalgroup.com
rlee@belllegalgroup.com
Phone (919)277-9299
Fax (843) 546-9604

ATTORNEY FOR THE PLAINTIFF